O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

BENNY TREVELL COUSER,                )   Case No. EDCV 11-0894-DDP (DTB)
                                     )
                   Plaintiff,        )
          vs.                        )   ORDER DISMISSING COMPLAINT
                                     )   WITH LEAVE TO AMEND
L. DONALDSON, et al.,                )
                                     )
                   Defendants.       )
                                     )

Plaintiff, a California state prisoner incarcerated at the Desert View Modified Community Corrections Facility, filed a pro se civil rights action herein pursuant to 42 U.S.C. § 1983 on June 13, 2011, after being granted leave to proceed in forma pauperis.

The Complaint alleges violations of plaintiff's constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. Plaintiff purports to name five defendants: Correctional Case Records Manager, L. Donaldson; Correctional Case Records Analyst, Kathy Smith; Correctional Case Records Specialist, N. Castellon; Correctional Counsel 1, R. Issac; and Warden, Wanda Wilson. Plaintiff names all the defendants both in their individual and official capacities. Plaintiff purports to be seeking monetary relief and a permanent injunctive order.

///

1

Insofar as the Court can glean, the gravamen of plaintiff's allegations is that the defendants, all of whom are employees of the California Department of Corrections and Rehabilitation, failed to adequately ensure that plaintiff's underlying sentence, which was imposed in his felony criminal proceeding in San Bernardino County Superior Court, was lawful. (Complaint at 6-8.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995," the Court now has screened the Complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The Court's screening of the Complaint under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard ... applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

///

Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and complete statement of the claim showing that the pleader is entitled to relief." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," and that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Where the allegations in a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief'." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), quoting Fed. R. Civ. P. 8(a)(2). Thus, plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that it suffers from the pleading deficiencies discussed below. Accordingly, the Complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment). If plaintiff still desires to pursue

///

this action, he is ORDERED to file a First Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed below.

# DISCUSSION

**A. Plaintiff's allegations are insufficient to state a federal civil rights claim against any of the named defendants.**

While it is not clear to the Court what the factual basis is for any purported civil rights claim, or even what specific claims plaintiff is purporting to raise, it does appear that plaintiff is challenging the length and duration of this custodial confinement. (Complaint at 6-8.)

However, to the extent that plaintiff is purporting to claim that his continued incarceration is unlawful, a petition for writ of habeas corpus is a prisoner's sole judicial remedy when "attacking the validity of the fact or length of [his] confinement." Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1990). Therefore, plaintiff may not use a civil rights action to challenge the validity of his continued incarceration. Such relief only is available in a habeas corpus action.

Further, to the extent that plaintiff is seeking monetary damages as a remedy for allegedly being held beyond a lawful release date, his claim is not cognizable under § 1983 unless and until he can show that the administrative action that he alleges resulted in his allegedly unlawful continued incarceration already has been invalidated (e.g., declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus). See Wilkinson v. Dotson, 544, U.S. 74, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – **if** success in that action would necessarily demonstrate the invalidity

of confinement or its duration." (emphasis in original)); Edwards v. Balisok, 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (barring a civil rights challenge to a prison disciplinary hearing because success on the claim would "necessarily imply the invalidity of the deprivation of his good-time credits"); Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (holding that, if a judgment in favor of plaintiff on his civil rights damages action necessarily will imply the invalidity of his conviction or sentence, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence already has been invalidated); see also Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004). Plaintiff has not alleged that the underlying state court judgment of conviction has been invalidated.

The Court notes that plaintiff has a pending federal habeas corpus petition in which he raises the assertions contained in the Complaint. (Case No. EDCV11-0788-DDP (DTB).)

Although the Court is extremely dubious that the Complaint's deficiencies can be overcome, the Court will afford plaintiff the opportunity to attempt to do so. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his Complaint unless it is absolutely clear that the deficiencies of the Complaint cannot be cured by amendment). The Complaint therefore is dismissed with leave to amend. If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint within thirty (30) days of the service date of this Order, remedying the deficiencies discussed above.

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. **Plaintiff is admonished that, if he fails to timely**

/ / /

/ / /

**file a First Amended Complaint, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: July 18, 2011

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE